*641 OPINION.
Trttssell :
The uncontradicted testimony of several qualified witnesses establishes the fair market and/or actual cash values on July 1,1918, of the Flat Rock Mill properties, as set forth in our findings of fact. The total net value of all the assets of the Flat Rock Mill on July 1, 1918, amounted to $1,810,901.20, for which petitioner issued on that date $950,000 par value of its preferred stock. We are of the opinion that petitioner is entitled to include in its invested capital for the year 1920 a paid-in surplus in the amount of $860,-901.20, as provided in section 326 (a) of the Revenue Act of 1918. Cf. Georgia Manufacturing Co., 5 B. T. A. 893; 315 West 97th Street Realty Co., 10 B. T. A. 368.
Depreciation of the Flat Rock Mill properties should be allowed on the basis of the values thereof on the date of acquisition as set out in the findings of fact. Troxel Mfg. Co., 1 B. T. A. 653; Steinback Co., 3 B. T. A. 348.
Section 234 (a) (7) of the Revenue Act of 1918 provides that in computing the net income of a corporation there shall be allowed as a deduction:
A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence.
In respect to the Flat Rock Mill (Nixon) property, it appears that the respondent has allowed petitioner a depreciation deduction in the amount of $47,847.89 on machinery and equipment computed at a flat rate of 6yz per cent on a value of $736,121.53, and a depreciation deduction in the amount of $11,215.70 on buildings computed at a rate of 2]/2 per cent on a value of $448,628.22. We are of the opinion that those amounts already allowed, plus the additional allowable depreciation computed at the same rates on the additional capital values found in this decision, constitute a reasonable allowance for exhaustion, wear and tear of the Flat Rock Mill property for the year 1920.
It further appears that respondent has applied the same rates of depreciation to the Delaware Mill property, the value of which is not in controversy. With respect to both mills, the petitioner contends that during 1920 the rate of depreciation on buildings and machinery was accelerated due to additional wear and tear caused by running the machinery above the normal speed for the purpose of increasing the production of both mills. The plants were run 24 hours a day during 1920, the same as under normal conditions and we have before us only the fact that in 1920 the machinery was run at a more rapid pace than under normal conditions. We do not have *642 before ns sufficient facts to enable us to determine to wbat extent, if any, the normal rate of depreciation was accelerated during 1920. Petitioner has failed to sustain the burden of proving accelerated depreciation.

Judgment will be entered fursuant to Bule 50.